145 So. 319145 So. 319

### VEAZEY v. ELECTRICAL RESEARCH PRODUCTS, Inc.
#### 1 Div. 743.

Supreme Court of Alabama.
Dec. 22, 1932.

Rehearing Denied Jan. 19, 1933.

C. L. Hybart, of Monroeville, for appellant.C. L. Hybart, of Monroeville, for appellant.

J. D. Ratcliffe, of Monroeville, for appellee.

BOULDIN, J.

The action was in detinue for the recovery of a motion picture outfit.

Plea was the general issue.

Plaintiff installed the outfit in the theater under written contract of lease or hire, styled therein a license, to and with H. L. Lazenby. The building at the time was owned by defendant Veazey and Lazenby as tenants in common. Lazenby rented defendant's interest in the building. Later Lazenby conveyed all interest in the building to defendant. Lazenby also surrendered his lease on the outfit in suit, and plaintiff took charge of same, severed connections with the power system, etc., but left the outfit occupying defendant's building, or one room thereof, and so continued to the filing of this suit, a period of some five months.

The trial court gave the affirmative charge for plaintiff, and defendant appeals.

Appellant's theory is that leaving in his building this outfit, so bulky as to virtually occupy the room in which it was installed, and so deprive appellant of the use of such room, and in fact the use of the theater building, rendered the owner of the chattel liable to him for the value of the use and occupation of the building, or, in any event, of the room occupied by the outfit, that appellant

had a lien on the chattel for the value of such use and occupation under Code, § 8820, and that, by virtue of such lien, he has the right to retain possession of the property until such lien is satisfied.

The evidence discloses no more than that plaintiff reclaimed the property at the instance of the licensee or lessee, but left it deposited or stored in the building.

There is no evidence plaintiff ever assumed possession of the building as such. The evidence discloses no more than a bailment of the chattel; not an entry upon, possession, and use of real estate for which a lien for use and occupation arises.

We need not and do not decide whether, if one does enter upon and use another's realty, the statutory lien for use and occupation vests in the lienholder any right to take and hold possession of the goods, which will defeat an action of detinue by the owner.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.